# UNITED STATES DISTRICT COURT
## District of Connecticut

### JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 3:17-cr-00147-JBA-1 |
| | USM No.: Pending |
| V. | |
| | Douglas P. Morabito, Assistant United States Attorney |
| NATALIE LEVINE | |
| | Thomas Gallagher, Allison DeLaurentis, Defendant's Attorney |

The Defendant pled guilty to Count 1 of the Information.

Accordingly, the Defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| Title 18 United States Code §371 and Title 42 United States Code §1320a-7b(b)(2) | Conspiracy to Violate the Anti-Kickback Law | October 2015 | 1 |

The following sentence imposed is a departure from the advisory guidelines pursuant to the Sentencing Reform Act of 1984.

**PROBATION**
The Defendant shall be on Probation for a total term of 5 years.

The Mandatory and Standard Conditions of Probation as attached are imposed. In addition, the following Special Conditions are imposed:

(1) The first 6 months of probation shall be on home confinement with a curfew to be set by the United States Probation Office.

(2) The Defendant shall not possess a firearm or any other dangerous weapon.

(3) The Defendant shall provide the Probation Officer access to all requested financial information until her restitution obligation is completed.

(4) The Defendant shall cooperate with the Internal Revenue Service to pay any outstanding taxes, interest and penalties and timely file lawful tax returns with copies provided to the United States Probation Office.

(5) The Defendant shall make restitution in a specific amount to be ascertained within the next 90 days anticipated to be approximately $3,200,000.00. Restitution will be paid to Medicare and will be payable at a rate of $1,000.00 per month or 10% of her gross monthly income, whichever is greater. The monthly payment schedule may be adjusted based on the Defendant's ability to pay as determined by the Probation Office and approved by this Court.

(6) The Defendant shall perform 150 hours of Community Service ideally in a program that serves people with substance abuse problems and that is approved by the Probation Officer.

**CRIMINAL MONETARY PENALTIES**
The Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

|   |   |
|---|---|
| **Special Assessment:** | **$100 to be paid to the Clerk of the Court immediately** |
| **Fine:** | **Waived** |
| **Restitution:** | **TBD by September 22, 2019** |

It is further ordered that the Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed:   N/A

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**
N/A

June 24, 2019
Date of Imposition of Sentence

/S/
Janet Bond Arterton, United States District Judge

Date: June 28, 2019

## CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You shall refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You are required to cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(5) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(6) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

(7) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
        Defendant                                              Date

         _____     _____
         U.S. Probation Officer/Designated Witness            Date

**CERTIFIED AS A TRUE COPY ON THIS DATE:** _____

By: _____
    Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                  _____
                                                  Brian Taylor
                                                  Acting United States Marshal

                                          By      _____
                                                  Deputy Marshal